COPY

FILED

**BRYAN CAVE LLP**
Jennifer A. Jackson, California Bar No. 192998
Sarah Samuelson, California Bar No. 267263
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

2014 JUN -2 PM 1:36

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROMAN JANIEC and SLAWOMIRA JANIEC,<br><br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; QBE INSURANCE CORPORATION; and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.<br><br>[Los Angeles Superior Court Case No. BC543831]<br><br>**CV14-4235** GHK AGRx<br><br>**NOTICE OF REMOVAL**<br><br>Date Action Filed: April 25, 2014<br>Trial Date: None set |

1034354.1

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Bank of America, N.A. ("BANA") (named as "Bank of America, National Association") hereby removes the state court action described below from the Superior Court of the State of California for Los Angeles County to the United States District Court for the Central District of California.

## I.   BACKGROUND

1.   On April 25, 2014, Plaintiffs Roman and Slawomira Janiec ("Plaintiffs") filed an action in the Superior Court of the State of California, County of Los Angeles, entitled *Roman Janiec and Slawomira Janiec v. Bank of America, National Association; QBE Insurance Corporation, and DOES 1 through 10*, Case No. BC543831 (the "State Court Action").

2.   BANA was served with a copy of the Complaint and Summons in the State Court Action on May 1, 2014.   The Complaint alleges that BANA forced Plaintiffs to obtain hazard insurance at a higher premium and with less coverage than Plaintiffs needed.   The Complaint asserts claims for fraud, conspiracy to defraud, violation of California Business and Professions Code section 17200, and breach of the implied covenant of good faith and fair dealing.   The Complaint seeks special damages, general damages, injunctive relief, attorneys' fees and punitive damages.   Although the Complaint does not pray for a specific amount of monetary damages, the allegations demonstrate that the amount in controversy satisfies the jurisdictional minimum of $75,000.

3.   BANA has not filed any response to the Complaint or filed any other pleadings since the Complaint was filed.

4.   Co-defendant QBE Insurance Corporation consents to this removal.

## II.   BASIS FOR REMOVAL

### Diversity

5.   This Court has original jurisdiction on the basis of diversity under 28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1   U.S.C. § 1332. This is a civil action between citizens of different states and the

2   amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3   Thus, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

4      6.      There is complete diversity of citizenship between Plaintiff and all

5   Defendants in accordance with 28 U.S.C. § 1332(a)(1).

6      7.   **Plaintiffs**.   Plaintiffs allege that they are citizens of California.

7   (Complaint ¶ 2.) Plaintiffs are also domiciled in California (*see* Complaint ¶ 7) and

8   are thus citizens of California for diversity purposes. *See Kanter v. Warner-Lambert*

9   *Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (providing that a "natural person's state

10  citizenship" is "determined by her state of domicile," and that "[a] person's domicile

11  is her permanent home, where she resides with the intention to remain or to which

12  she intends to return").

13     8.   **BANA**.  At the time the action was commenced, BANA was, and still

14  is, a national banking association. For purposes of diversity jurisdiction, a national

15  banking association is deemed to be a citizen of the state in which it is located. 28

16  U.S.C. § 1348. A national banking association is "located" in the "State designated

17  in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S.

18  303, 318 (2006). According to its Articles of Association, BANA's main office is in

19  Charlotte, North Carolina. Thus, BANA is a citizen of North Carolina within the

20  meaning of 28 U.S.C. § 1332(c).

21     9.   **QBE**.  At the time the action was commenced, QBE was, and still is, a

22  Pennsylvania corporation. QBE's principal place of business is New York. A

23  corporation is deemed a citizen of its state of incorporation and the state of its

24  principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, QBE is a citizen of

25  the states of Pennsylvania and New York for the purposes of determining diversity.

26     10.    Neither BANA nor QBE is a citizen of the state of California.

27     11.    Based on the allegations in the Complaint, the amount in controversy in

28  this action exceeds $75,000, exclusive of interest and costs. For purposes of

1   measuring the amount in controversy when diversity jurisdiction is invoked, "a court

2   must assum[e] that the allegations of the complaint are true and assume[e that] a

3   jury [will] return a verdict for the plaintiff on all claims made in the complaint."

4   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

5   1001 (C.D. Cal. 2002).  Where, as here, the "complaint fails to allege a sufficiently

6   specific total amount in controversy," the removing party need only show that the

7   amount in controversy "more likely than not" exceeds the jurisdictional amount.

8   *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701, 699 (9th Cir. 2007).

9       12.   This "burden is not 'daunting,' as courts recognize that under this

10   standard, a removing defendant is not obligated to 'research, state, and prove the

11   plaintiff's claims for damages.'"  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

12   1199, 1204-05 (E.D. Cal. 2008).  The removing party need not prove that a plaintiff

13   will recover the jurisdictional amount if she succeeds in her case, but only that the

14   plaintiff's allegations have placed in controversy an amount exceeding that

15   threshold.   *See id.* at 1205 ("The ultimate inquiry is what amount is put 'in

16   controversy' by the plaintiff's complaint, not what a defendant will actually owe.")

17       13.   Plaintiffs allege that BANA placed a hazard insurance policy on their

18   property with a policy limit of $410,000, which was $315,000 less than the amount

19   outstanding on their loan.  (Complaint ¶¶ 17-20.)  After the subject property burned

20   down, Plaintiffs allege that they incurred a loss of $315,000 because the $410,000

21   insurance proceeds was insufficient to pay off their loan.   (Complaint ¶ 27.)

22   Although Plaintiffs do not identify a specific sum that they are hoping to recover,

23   they contend that BANA's alleged conduct left them unable to pay off their

24   $725,000 loan or rebuild the property.  (Complaint ¶¶ 27, 35.)  Thus, the amount in

25   controversy for removal purposes is at least $315,000, which is the amount by

26   which Plaintiffs claim to be underinsured.

27       14.   BANA denies the allegations in Plaintiffs' Complaint, and denies any

28   liability to Plaintiffs whatsoever.  Nonetheless, the amount in controversy exceeds

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiffs are entitled to any judgment or relief in their favor.

### III.   PROCEDURAL COMPLIANCE

15.   A notice of removal must be filed within "thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

16.   BANA received the Complaint on May 1, 2014.   This notice of removal is thus timely filed within 30 days of service of the Complaint.

17.   The State Court Action was pending before the Superior Court for Los Angeles County.   Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

18.   Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon BANA in the State Court Action is attached hereto as Exhibit 1.

19.   A copy of this notice has been served on all parties of record and will be filed with the Clerk of the Superior Court for Los Angeles County.

### IV.   CONCLUSION

20.   BANA respectfully requests that the above-described State Court Action be removed from the state court in which it was filed to the United States District Court in and for the Central District of California.

//

//

//

//

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Dated:  June 2, 2014

**BRYAN CAVE LLP**
Jennifer A. Jackson
Sarah Samuelson


By:        _____
        Sarah Samuelson
Attorneys for Defendant
Bank of America, N.A.

1034354.1

# Exhibit A

1 | WILLIAM M. SHERNOFF #38856
2 | HOWARD S. SHERNOFF #263556
  | TRAVIS M. CORBY #268633
3 | SHERNOFF BIDART
  | ECHEVERRIA BENTLEY LLP
4 | 301 N. Cañon Drive, Suite 200
  | Beverly Hills, CA 90210
5 | Telephone: (310) 246-0503
6 | Fax: (310) 246-0380

7 | Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

APR 2 5 2014

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Gonzalez_ Deputy
      Cristina Grijalva

D 51 Mitchell Beckloff

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC 5 4 3 8 3 1

| | |
|---|---|
| ROMAN JANIEC and SLAWOMIRA JANIEC, | Case No.: |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | 1. FRAUD |
| BANK OF AMERICA, NATIONAL ASSOCIATION; QBE INSURANCE CORPORATION; and DOES 1 through 10, | 2. CONSPIRACY TO DEFRAUD |
| Defendants. | 3. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ. |
| | 4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |

**INTRODUCTION**

1.      Husband and wife Roman and Slawomira Janiec bring this action because Bank of America, in conjunction with insurer QBE, imposed force-placed insurance on their home in an amount grossly insufficient to pay back the bank its loan, saddling the Janiecs with over $300,000 in debt on a home that burned to the ground and which they cannot rebuild.

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

## THE PARTIES

2.     Plaintiffs Roman and Slawomira Janiec are citizens of the state of California, county of Los Angeles.

3.     Defendant Bank of America, National Association (BofA) is a mortgage lender with headquarters at 101 Tyron Street, Charlotte, North Carolina 28255.

4.     Defendant QBE Insurance Corporation (QBE) is an insurance group conducting the business of insurance in California and with a home office at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania, 17101.

5.     The true names and capacities, whether individual, corporate, associate or other, of Does 1–10 are unknown to the Janiecs, who therefore sue these defendants by such fictitious names. They allege that each Doe defendant is legally responsible in some manner for the events and happenings referred to herein and will ask leave of this court to insert their true names and capacities when they become known.

## ALLEGED FACTS

6.     The Janiecs immigrated to America from their native Poland during the 1990s. They managed to learn spoken English but still read English with difficulty.

7.     They started an auto repair business and worked hard to make it a success, allowing them to purchase a ranch-style home in Glendora in 2004.

8.     The home burned to the ground on January 16, 2014, in a wildfire that claimed six other homes.

9.     Several months before the fire, the Janiecs had undergone a home-loan modification with their lender, BofA. As part of the process, the home was valued at approximately $925,000.

10.     The Janiecs made a cash down payment of $200,000, leaving a restructured loan amount of approximately $725,000.

11.     The Janiecs were told that hazard insurance was required for the property and could be included as part of the new loan "package."

COMPLAINT AND DEMAND FOR JURY TRIAL

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    12.    In reality, they were given force-placed insurance, through which lenders such as

2    BofA notoriously extract additional money from borrowers.

3    13.    The cost of forced insurance is taken automatically from homeowners' escrow

4    accounts. It is determined not by negotiation between homeowner and insurer but rather by

5    the lender and the insurer. Because the lender receives a kickback in the form of a

6    "commission," the price is almost always artificially inflated. The price also increases

7    arbitrarily and dramatically over time.

8    14.    Another characteristic of force-placed insurance is that it generally provides far

9    less coverage than consumer-chosen coverage. For example, in the case of a fire, it generally

10    protects only the bank's loan while providing no coverage for contents, cost of living

11    expenses, etc.

12    15.    The Janiecs were unaware of the pitfalls of force-placed insurance. And they

13    reasonably assumed that the insurance included in their loan "package" covered the $925,000

14    value of their home.

15    16.    BofA used insurer QBE to force the Janiecs' insurance. After the fire, QBE sent to

16    the scene an adjuster, who assured the Janiecs that their whole loss would be covered, at least

17    up to the amount of their outstanding loan. About a week later, that story changed.

18    17.    The adjuster then told the Janiecs that their insurance policy carried a limit of

19    $410,000 and that would be all they would receive.

20    18.    QBE sent the Janiecs a check for $410,000, which the Janiecs were obliged to

21    endorse and send to BofA.

22    19.    Owing to defendants' underinsuring the Janiecs, the check was approximately

23    $315,000 less than the outstanding loan balance. This meant that the Janiecs had to continue

24    to make loan payments.

25    20.    Worse, BofA failed to credit the $410,000 payment on the loan. Every loan

26    payment that the Janiecs made since the fire was on the full $725,000.

27    21.    Worse still, the force-placed insurance scheme is so ingrained at BofA that the

28    bank disregards whether a homeowner even has a home to insure. If a home was lost in a fire

- 3 -

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1   and never rebuilt, BofA turns a blind eye and keeps deducting the insurance premiums and

2   taking its commission after paying QBE. Here, BofA did just that – even though both it and

3   QBE knew that the Janiecs' home had been totally destroyed.

4     22.    For months the Janiecs tried to contact BofA and QBE to straighten out the

5   problem. They received the runaround. The bank blamed the insurer, and the insurer blamed

6   the bank. Roman ultimately had to stop trying to deal with these companies because he was

7   losing valuable time at work. And he could feel how the blood-boiling frustration was

8   compromising his health.

9     23.    Because the Janiecs were willfully underinsured and are now homeless while

10   being made to pay inflated loan payments and insurance premiums on a nonexistent home,

11   they filed this lawsuit to obtain relief and all available damages against defendants.

12                       FIRST CAUSE OF ACTION: FRAUD

13     24.    The Janiecs refer to all preceding paragraphs and incorporate them as if set forth

14   in full in this cause of action.

15     25.    Defendants falsely represented to the Janiecs that the force-placed insurance on

16   their home was part of a loan "package" and would protect the Janiecs against total loss.

17     26.    Defendants also concealed that the commissions surcharged on the insurance

18   inflated the insurance premiums.

19     27.    Defendants knew that they had no reasonable basis for making these

20   misrepresentations and material omissions and intended to induce the Janiecs to rely upon

21   the materially false representations. They knew, for example, that the Janiecs' home had been

22   valuated at $925,000 and that the Janiecs had been given a loan of $725,000. Yet they set the

23   insurance limit at $410,000, knowing that a total loss would leave the Janiecs homeless and

24   carrying a $315,000 loan balance.

25     28.    Defendants further misrepresented material facts to the Janiecs by continuing to

26   charge them for insurance premiums after the loss. Defendants knew that there was no home

27   left on the Janiecs' property and thus the insurance provided no coverage for anything. The

28   Janiecs could never make another claim since there was nothing to claim against.

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

- 4 -

1    29.    The Janiecs were compelled to rely on the misrepresentations because BofA made

2    acceptance of the insurance a condition of the mortgage. And the bank deducted the

3    premium payments automatically from the Janiecs' escrow account even after the fire.

4    30.    As a direct and proximate result of defendants' intentional and material

5    misrepresentations and omissions, the Janiecs have suffered damages and will continue to

6    suffer damages. They are being made to make loan payments on a home they no longer have

7    and are on the verge of losing their business. Owing to these factors, they have suffered and

8    continue to suffer worry, anxiety, humiliation and other mental stress.

9    31.    Defendants' conduct described herein was intended to cause injury to the Janiecs

10    and/or was despicable conduct carried out with a willful and conscious disregard of the rights

11    of the Janiecs. Said conduct subjected the Janiecs to cruel and unjust hardship in conscious

12    disregard of their rights and/or was an intentional misrepresentation, deceit or concealment

13    of material facts known to defendants with the intention to deprive the Janiecs of property,

14    legal rights or to otherwise cause injury. Said conduct thus constitutes malice, oppression or

15    fraud under California Civil Code section 3294, thereby entitling the Janiecs to punitive

16    damages in an amount appropriate to punish or set an example of defendants.

17    SECOND CAUSE OF ACTION: CONSPIRACY TO DEFRAUD

18    32.    The Janiecs refer to all preceding paragraphs and incorporate them as if set forth

19    in full in this cause of action.

20    33.    Defendants forged a non-competitive alliance for the purpose of force-placing

21    insurance that extracts excessive revenue from borrowers such as the Janiecs while at the

22    same time leaving them underinsured and carrying heavy debt following a total loss.

23    34.    Defendants determined the terms and conditions for the force-placed insurance

24    without taking into account the interests of borrowers such as the Janiecs. These terms and

25    conditions incorporate the payment of commissions to the benefit of defendants at the

26    expense of consumers such as the Janiecs. BofA's commissions were funded by overpriced

27    premiums, a percentage of which was not paid to cover actual risk.

28

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    35.    The forced insurance, moreover, was inadequate to cover the Janiecs' loan to

2    BofA, leaving them homeless, unable to rebuild and saddled with debt.

3    36.    The Janiecs were damaged by the wrongful acts of defendants pursuant to the

4    conspiracy, as they were forced to pay for excessive and unnecessary force-placed insurance

5    premiums, which provided insufficient and illusory coverage.

6    37.    Defendants' conduct described herein was intended to cause injury to the Janiecs

7    and/or was despicable conduct carried out with a willful and conscious disregard of the rights

8    of the Janiecs. Said conduct subjected the Janiecs to cruel and unjust hardship in conscious

9    disregard of their rights and/or was an intentional misrepresentation, deceit or concealment

10   of material facts known to defendants with the intention to deprive the Janiecs of property,

11   legal rights or to otherwise cause injury. Said conduct thus constitutes malice, oppression or

12   fraud under California Civil Code section 3294, thereby entitling the Janiecs to punitive

13   damages in an amount appropriate to punish or set an example of defendants.

14                         THIRD CAUSE OF ACTION:

15   VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

16   38.    The Janiecs refer to all preceding paragraphs and incorporate them as if set forth

17   in full in this cause of action.

18   39.    On behalf of themselves and the general public, the Janiecs bring this claim

19   pursuant to Business and Professions Code section 17200, et seq. for unfair business

20   practices. The conduct of defendants as alleged in this complaint has been and continues to

21   be unfair, unlawful and harmful to the Janiecs and the general public. The Janiecs seek to

22   enforce important rights affecting the public interest within the meaning of Code of Civil

23   Procedure section 1021.5.

24   40.    The Janiecs are "persons" within the meaning of Business & Professions Code

25   section 17204 and therefore have standing to bring this cause of action for injunctive relief,

26   restitution and other appropriate equitable relief.

27   41.    Business and Professions Code §17200, et. seq. prohibits unlawful and unfair

28   business practices and precludes a person or entity from engaging in unfair competition,

- 6 -

1    defined as business practices which are unlawful, unfair or fraudulent. Section 17203 permits

2    the court in an action based on allegations of unfair competition to issue injunctive,

3    restitutionary or other equitable relief.

4        42.    Defendants' violation of Business and Professions Code section 17200 includes

5    engaging in the following unlawful, unfair or fraudulent business acts and practices:

6            a)  Imposing force-placed insurance that incorporates the payment of commissions

7                to the benefit of defendants and to the detriment of the borrower;

8            b)  Inflating premiums to fund commissions to the lender;

9            c)  Imposing force-placed insurance for property that does not exist and failing to

10               adequately verify that the property does not exist;

11           d)  Failing to base the amount of insurance coverage, at minimum, to the amount of

12               homeowners' outstanding loan balances, leaving them vulnerable to heavy debt at

13               their time of loss;

14           e)  Charging borrowers for force-placed insurance at marked-up prices in excess of

15               the cost of any additional insurance; and

16           f)  Charging for services that are not reasonably necessary to protect the note

17               holder's interest in the property.

18       43.    The unlawful, unfair and fraudulent practices alleged above are continuing in

19   nature and are widespread practices engaged in by defendants.

20       44.    The Janiecs and others similarly situated suffered injury in fact and lost money or

21   property as a result of defendants' unfair competition.

22       45.    Defendants' acts of unfair competition present a continuing threat to the public's

23   livelihood, welfare and finances, and plaintiffs have no adequate remedy at law. Accordingly,

24   unless defendants are permanently enjoined and restrained by order of the court, defendants

25   will continue to commit acts of unfair competition and will continue to cause irreparable

26   harm and injury to the public.

27       46.    The Janiecs respectfully request that an injunction be issued against defendants

28   to enjoin them from continuing to engage in the unlawful conduct alleged herein.

1    47.    The Janiecs respectfully request that the court order any other and further

2    equitable relief deemed necessary by the court, including restitutionary relief as a result of the

3    unfair, unlawful and fraudulent practices alleged herein.

4    48.    The Janiecs respectfully request an award of attorney fees upon prevailing in this

5    request for injunctive relief.

### FOURTH CAUSE OF ACTION:
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (against QBE)

8    49.    The Janiecs refer to all preceding paragraphs and incorporate them as if set forth

9    in full in this cause of action.

10    50.    In every insurance policy there exists an implied duty of good faith and fair

11    dealing that the insurance company will not do anything to injure the right of the insured to

12    receive the full benefit of the policy. QBE breached its duty of good faith and fair dealing

13    owed to the Janiecs in the following ways:

14    a.    Unreasonably and without proper cause paying an amount on the claim that does

15    not fully protect the Janiecs but instead leaves them homeless and in debt to their

16    lender, BofA;

17    b.    Failing to thoroughly and fairly investigate and evaluate all information

18    reasonably available as to why it failed to fully protect the Janiecs;

19    c.    Failing to diligently search for and consider evidence that supported full and fair

20    payment of the Janiecs' claim and instead searching for reasons to justify

21    underpayment of the claim;

22    d.    Failing to consider the Janiecs' interests at least as much as its own;

23    e.    Considering the interests of its co-conspirator, BofA, more than those of its

24    insureds, the Janiecs.

25    51.    QBE breached its duty of good faith and fair dealing by other acts or omissions of

26    which the Janiecs are presently unaware but which will be shown according to proof at trial.

27    52.    As a proximate result of the aforementioned unreasonable conduct of QBE, the

28    Janiecs suffered and will continue to suffer damages in an amount to be proven at trial.

- 8 -

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1      53.      As a further proximate result of the unreasonable conduct of QBE, the Janiecs

2   were compelled to retain legal counsel and to institute litigation to obtain the full and fair

3   benefit of the insurance. QBE therefore is liable for those attorney fees, witness fees and

4   litigation costs reasonably incurred in order to obtain the full benefit.

5      54.      QBE furthermore committed institutional bad faith. QBE's institutional bad faith

6   amounts to reprehensible conduct because the conduct is part of a repeated pattern of unfair

7   practices and not an isolated occurrence. The pattern of unfair practices constitutes a

8   conscious course of wrongful conduct that is firmly grounded in the established company

9   policy of QBE. QBE's institutional bad faith includes 1) placing insurance on borrowers of

10  BofA in inadequate amounts and then offering underpayment when a claim arises, and 2)

11  charging for insurance on nonexistent homes, making the coverage illusory, on which a claim

12  cannot be made.

13     55.      QBE's conduct described herein was intended to cause injury to the Janiecs

14  and/or was despicable conduct carried out with a willful and conscious disregard of the rights

15  of the Janiecs. Said conduct subjected the Janiecs to cruel and unjust hardship in conscious

16  disregard of their rights and/or was an intentional misrepresentation, deceit or concealment

17  of material facts known to QBE with the intention to deprive the Janiecs of property, legal

18  rights or to otherwise cause injury. Said conduct thus constitutes malice, oppression or fraud

19  under California Civil Code section 3294, thereby entitling the Janiecs to punitive damages in

20  an amount appropriate to punish or set an example of QBE.

21                              **PRAYER FOR RELIEF**

22         The Janiecs respectfully request that this court enter judgment against each defendant.

23  The final judgment should set forth the following relief:

24         **For the first and second causes of action:**

25      1.  Special, general and punitive damages, in amounts to be determined at trial;

26         **For the third cause of action:**

27      2.  An injunction enjoining defendants from a) continuing to force insurance on

28             loan-holders in amounts less than their loans; and b) continuing to force

- 9 -

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    insurance on the Janiecs and other similar claimants after they no longer have a

2    home to insure;

3    3.  Restitution to the Janiecs to avoid the unjust enrichment of defendants;

4    4.  Attorney fees and costs of suit;

5    **For the fourth cause of action:**

6    5.  Special, general and punitive damages, in amounts to be determined at trial;

7    6.  Attorney fees and costs of suit upon a finding of bad faith;

8    **For all causes of action:**

9    7.  Prejudgment interest;

10   8.  Such other and further relief as this court may deem just and proper.

11

12   Dated: April 21 , 2014          SHERNOFF BIDART
                                     ECHEVERRIA BENTLEY LLP
13

14                                   By:
                                         WILLIAM M. SHERNOFF
15                                       HOWARD S. SHERNOFF
                                         Attorneys for Plaintiff
16

17                      **JURY DEMAND**

18   Plaintiffs demand a jury trial on all causes of action that can be heard by a jury.

19

20   Dated: April 21 , 2014          SHERNOFF BIDART
                                     ECHEVERRIA BENTLEY LLP
21

22                                   By:
                                         WILLIAM M. SHERNOFF
23                                       HOWARD S. SHERNOFF
                                         Attorneys for Plaintiff
24

25

26

27

28

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Howard S. Shernoff   SBN: 263556 | |

SHERNOFF BIDART ECHEVERRIA BENTLEY LLP
301 N. Cañon Drive, Suite 200, Beverly Hills, CA 90210
TELEPHONE NO.: 310-246-0503          FAX NO.: 310-246-0380
ATTORNEY FOR (Name): Roman Janiec

**FILED**
Superior Court of California
County of Los Angeles

APR 2 5 2014

Sherri R. Carter, Executive Officer/Clerk
By *Cristina Grijalva*, Deputy
Cristina Grijalva

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: Roman Janiec, et al. v. Bank of America, National Association, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 5 4 3 8 3 1 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 22, 2014

Howard S. Shernoff
_____          ►  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Janiec, et al. v. Bank of America, et al. | CASE NUMBER BC 5 4 3 8 3 1 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
| --- |

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

SHORT TITLE: Janiec, et al. v. Bank of America, et al.

CASE NUMBER

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☒ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 Quiet Title | 2., 6. |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

SHORT TITLE: Janice, et al. v. Bank of America, et al. | CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Janiec, et al. v. Bank of America, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1154 N. Glendan Avenue<br>Glendan, CA 91741 |
|---|---|
| CITY:<br>Glendan | STATE:<br>CA | ZIP CODE:<br>91741 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 22, 2014 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| Roman Janiec<br>Slawomira Janiec | Bank of America, N.A. and QBE Insurance Corporation |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Howard Shernoff (SBN 263556)<br>Shernoff Bidart Echeverria Bentley LP<br>1301 N. Canon Drive, Suite 200<br>Beverly Hills, CA 90210<br>(310)246-0503 | Sarah Samuelson (SBN 267263)<br>Bryan Cave LLP<br>120 Broadway, Suite 300<br>Santa Monica California 90401<br>(310) 576-2281 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fraud, Conspiracy to Defraud, Violation of Cal. Business and Professions Code Section 17200, Breach of implied covenant.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |



**FOR OFFICE USE ONLY:** Case Number:     CV14-4235

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
      ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
      ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant BANA is a national banking association with its main office and principal place of business in North Carolina. Defendant QBE is a Pennsylvania corporation with its principal place of business in New York. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 2, 2014
                                          Sarah Samuelson

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com